People v Boyde (2020 NY Slip Op 05361)





People v Boyde


2020 NY Slip Op 05361


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


589 KA 15-01596

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHNNY BOYDE, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered July 21, 2015. The appeal was held by this Court by order entered February 1, 2019, decision was reserved and the matter was remitted to Onondaga County Court for further proceedings (169 AD3d 1443 [4th Dept 2019]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of sexual abuse in the first degree (Penal Law § 130.65 [2]). We previously held the case, reserved decision, and remitted the matter to County Court for clarification of the sentence imposed (People v Boyde, 169 AD3d 1443, 1445 [4th Dept 2019]). Upon remittal, the court stated that, at the time of sentencing, it had concluded that "it would have been unduly harsh to impose a determinate term of imprisonment" and the requisite term of postrelease supervision under the circumstances of the case, and thus it had "imposed a definite, I'll repeat that, definite term of imprisonment." Inasmuch as the court properly imposed a sentence of local incarceration (see § 70.80 [4] [c]) and "there is no requirement that postrelease supervision be imposed where a defendant is sentenced to a definite term of incarceration" (Boyde, 169 AD3d at 1444), we reject defendant's contention that the sentence is illegal.
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court